UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

        Plaintiff,

v.

    Case No. 2:16-cv-14428
    District Judge Nancy G. Edmunds
    Magistrate Judge Anthony P. Patti

GENERAL MOTORS LLC,

        Defendant.

_____/

# ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER (DE 22)

Plaintiff, Denise Childers, a current employee of Defendant General Motors LLC ("GM"), filed her complaint in this action on December 21, 2016, and an amended complaint on December 23, 2016, alleging that Defendant discriminated and retaliated against her on the basis of her race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and failed to make reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (DE 1, 4.)[1] Plaintiff asks the Court to award compensatory and

---

[1] Plaintiff also asserted discrimination and retaliation claims under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2201 *et seq.* (DE 4.) However, on

exemplary, damages, as well as damages for pain and suffering, embarrassment, humiliation, loss of esteem and reputation, and interest, costs and attorney fees.

I. **THE INSTANT MOTION**

This matter is before the Court for consideration of Defendant's Motion for Entry of a Protective Order (DE 22), Plaintiff's response in opposition (DE 25), and Defendant's reply (DE 29). In its motion, Defendant seeks entry of the proposed Protective Order attached as Exhibit 1 to its Motion. (DE 22-2.) Plaintiff is a Senior Auditor in Defendant's Audit Services division, but is currently on a medical leave of absence. According to Defendant, as an Auditor, Plaintiff conducted internal audits within GM to confirm compliance with company policies and regulatory requirements. Plaintiff has had access through her employment to a wide-range of Defendant's documents, correspondence and other property that contain confidential and proprietary information, including Defendant's financial data, audit procedures and audit findings ("Defendant's Confidential Information"). Defendant contends that Plaintiff has produced in her responses to discovery requests numerous documents containing Defendant's Confidential Information, including internal communications, presentations, and memoranda concerning internal audits and projects. Defendant argues that

---

February 1, 2017, the Court entered an Order declining to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissing those claims without prejudice. (DE 10.)

2

Plaintiff has copied or downloaded Defendant's Confidential Information and that she intends to use this information in the prosecution of her lawsuit. Defendant seeks entry of the proposed Protective Order attached as Exhibit 1 to its motion, which would allow the parties to designate documents, information or tangible things as confidential if the party determines in good faith that it contains personal, proprietary or sensitive business information. (DE 22-2.) The proposed Protective Order further provides that "[a]ny documents or information produced pursuant to a discovery request or used as an exhibit to a deposition may be designated as 'confidential by the [sic] either party whether such documents were produced prior to or after the entry of this Protective Order." (*Id.* ¶ 5.) Defendant asserts this language is necessary to protect Defendant's Confidential Information in Plaintiff's possession or produced by Plaintiff in this matter from unfettered dissemination, but that the proposed Protective Order will still allow Plaintiff to use the documents during the course of this lawsuit.

Plaintiff counters that Defendant should not be allowed to designate information Plaintiff obtained "outside the discovery process" as confidential. Plaintiff asserts that Defendant's proposed Protective Order would restrict her ability to disseminate information gained from sources other than discovery, and thus improperly infringe upon her First Amendment rights. Plaintiff further argues that, in any event, Defendant has failed to meet its burden to demonstrate that

"good cause" exists for entry of a protective order, and specifically fails to explain how disclosure of this information would potentially harm Defendant if disclosed.

In Defendant's reply, it asserts that it is seeking to protect documents produced by either party during the discovery process that contain Defendant's confidential, proprietary or commercial information, including those documents Plaintiff produced back to Defendant in response to Defendant's discovery requests. Defendant does not seek to designate as "confidential" information or documents that Plaintiff obtains through sources independent of Defendant or from the public record. Defendant notes that the proposed Protective Order does not prevent Plaintiff from using or disclosing any documents in the course of prosecuting her claims in this case. Defendant further contends that good cause exists for entry of the proposed Protective Order because it has demonstrated that the information at issue contains Defendant's sensitive and confidential internal audit information. Thus, Defendant asserts that the proposed Protective Order is reasonable and does not prejudice Plaintiff's ability to pursue her claims in this case.

## II.  STANDARD

Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that

4

"confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The Court may specify the terms of production, limit disclosure, require that documents be filed under seal, or take any other action that effectuates the purposes of Rule 26(c).

The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue. Fed. R. Civ. P. 26(c). For good cause to exist, the party seeking to limit the disclosure of discovery materials must show that specific prejudice or harm will result if no protective order is granted, and the moving party cannot rely on mere conclusory statements. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

## III. DISCUSSION

### A. The Proposed Protective Order Properly Seeks to Protect Information Produced During the Discovery Process

Defendant submitted the proposed Protective Order as Exhibit 1 to its Motion for Entry of a Protective Order. (DE 22-2.) Defendant asserts that it does not seek to obstruct or prevent discovery, production or use of documents in this case. Instead, Defendant seeks entry of a protective order under the provisions of

Federal Rule of Civil Procedure 26(c) to facilitate discovery while precluding the unfettered dissemination of Defendant's confidential, proprietary or commercial information produced during discovery. Plaintiff contends that Defendant is "stonewall[ing] Plaintiff's discovery efforts" and that Rule 26 does not govern a party's use of information obtained "outside of the discovery process."

The proposed Protective Order specifically provides that documents produced or used by either party that contain confidential information may be designated as "confidential." (DE 22-2, ¶¶ 5.) According to Defendant, this provision was included to address those documents Plaintiff has in her possession as a result of her current employment with Defendant as a Senior Auditor, and that she has produced back to Defendant in response to Defendant's discovery requests, or will produce, which contain Defendant's confidential, proprietary or commercial information. Defendant identified those documents Plaintiff has produced that contain Defendant's Confidential Information, including Defendant's financial data, internal audit procedures and internal audit findings, as well as those types of documents it asserts will contain Defendant's confidential and proprietary information subject to the proposed Protective Order. (*See* DEs 22, 29.)

Tellingly, Plaintiff has not disputed that those identified documents contain Defendant's confidential information. Indeed, Plaintiff's counsel admitted in an email dated August 7, 2017 that "[c]learly, many of the documents Plaintiff

produced to GM in response to GM's document requests in this litigation are confidential documents within the purview of Rule 26(c)." (DE 22-3, Pg. ID 141). Instead, Plaintiff argues that because she had Defendant's documents in her possession before she filed this lawsuit, those documents were obtained "outside the discovery process" and are therefore outside the ambit of Rule 26(c). Plaintiff ignores that the documents at issue are Defendant's internal documents obtained from Defendant solely through Plaintiff's employment with Defendant and were not obtained from an independent source or the public record. The fact that Plaintiff has these documents in her possession as a result of her employment with Defendant as a Senior Auditor does not relieve these documents of their confidential status.

Defendant affirms that it does not seek to designate documents obtained by Plaintiff through independent sources or from the public record as confidential. And, such information would not be subject to protection under the express provisions of the proposed Protective Order in any event. (*See* DE 22-2, ¶ 6 ("This Stipulation of Confidentiality shall not apply to any documents or information that is a matter of public record, provided that such documents or information did not become a matter of public record due to actions by the opposing party in violation of this stipulation.").) Therefore, Plaintiff's reliance on case law for the proposition that courts will not restrict the use of documents and information

7

obtained from "other sources" "outside the discovery process" are inapplicable to this motion. *See Courier-Journal v. Marshall*, 828 F.2d 361 (6th Cir. 1987); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074 (9th Cir. 1988); *Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940 (2d Cir. 1983). Rather, Defendant seeks to designate as confidential and subject to the proposed Protective Order those *GM* documents Plaintiff produced back to Defendant *in response to GM's discovery requests*, and other documents produced by either party *in discovery* as this litigation proceeds that contain *GM's* Confidential Information. Accordingly, the Court finds that the documents at issue are within the control of Fed. R. Civ. P. 26(c).

**B. Good Causes Exists to Enter the Proposed Protective Order**

Plaintiff argues that Defendant has failed to establish that "good cause" exists for a protective order because it has not explained how disclosure of the confidential information would potentially harm Defendant if disclosed. "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. App'x at 500 (citation omitted).

The Court finds that Defendant has established good cause for entry of the proposed Protective Order and that the requirement of showing specific harm should not be strictly applied in this matter. As discussed above, Defendant

8

asserts, and Plaintiff does not dispute, that Defendant's internal audit-related documents produced by Plaintiff are confidential and worthy of protection. Specifically, Defendant identified to Plaintiff those documents Plaintiff has produced which it claims contain its confidential information and would be subject to the Protective Order. According to Defendant, these documents contain Defendant's internal financial and audit-related information. Plaintiff has not disputed that those documents identified by Defendant contain Defendant's confidential information, and thus has waived any argument to the contrary. *See Cheff v. Deutsche Bank Nat'l Trust Co.*, No. 11-15291, 2013 WL 1914316, at *5 (E.D. Mich. May 8, 2013) ("A party waives opposition to a motion if the party fails to respond to arguments raised in the motion."). In fact, as discussed above, Plaintiff has conceded that "[c]learly, many of the documents Plaintiff produced to GM in response to GM's document requests in this litigation are confidential documents within the purview of Rule 26(c)." (DE 22-3, Pg. ID 141). While it is true, as Plaintiff states, that Defendant is a public company and its *audited financial statements* are publicly disclosed on Defendant's annual 10-K form, that fact does not relieve Defendant's internal financial and audit-related information of confidential status. "A court may more readily impose restrictions on disclosure of documents not traditionally made public." *See Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-CV-0851, 2012 WL 3600106, at *4 (S.D.

Ohio Aug. 21, 2012) (citations omitted). Indeed, one could easily envision how the premature disclosure of internal *audit documents*—in advance of information which is audited by an outside firm or before the intended public release date of such information—could essentially serve as insider information, or could otherwise affect the value of GM stock.

Moreover, courts in this circuit have circumscribed production of similar internal financial information of businesses under a protective order upon a showing of little or no prejudice. *See, e.g., Tampone v. Richmond*, No. 10-CV-11776, 2011 WL 1532152, at *2 (E.D. Mich. Apr. 22, 2011) (company's financial information is confidential and will be produced subject to the protective order) (citing *FFDI v. JAG Graphics, Ltd.*, No. 2:07-CV-744, 2008 WL 2078065, at *5 (S.D. Ohio May 13, 2008) (ordering "all of JAG's financial books and records" under a protective order)); *EEOC v. Medical Weight Loss Clinic, Inc.*, No. 07-CV-15394-DT, 2008 WL 4813309, at *1 (E.D. Mich. Oct. 31, 2008); *see also Landco Equity Partners, LLC v. City of Colorado Springs*, 259 F.R.D. 510, 515 (D. Colo. 2009) ("[P]rotective orders issued pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information."); *Houbigant, Inc. v. Dev. Specialists, Inc.*, No. 01 Civ. 7388 LTSGWG, 2003 WL

21688243, at *3 (S.D.N.Y. July 21, 2003) (collecting cases holding that internal audit information are trade secrets and thus confidential).

Further, the Court notes that there is little prejudice to Plaintiff, as the proposed Protective Order does not seek to prohibit the discovery of confidential information or the availability of such documents to the parties, their counsel, experts, consultants, mediators or witnesses. Further, the proposed Protective Order does not preclude the use of confidential materials at trial, to the extent they are admissible, and does not limit the disclosure of such documents to any federal or state governments or agencies, or in response to any court order or subpoena. Plaintiff does not argue that she requires disclosure of this information, beyond what would be allowed by the protective order, in order to litigate this case. Further, as Defendant points out, the proposed Protective Order contains a mechanism to allow either party to designate, *or challenge the designation of*, documents as confidential. Moreover, interrogatories or deposition testimony may be used to establish the means by which Plaintiff obtained any documents for which confidentiality is disputed, and to explore the degree to which such documents are publicly available. Accordingly, the Court finds that there is good cause for entry of the proposed Protective Order.

In entering this Order, the Court wants to make it clear that the parties are expected to comply with the Protective Order without any future directives

11

regarding designation of documents as "Confidential" and subject to the protective order, if at all possible. The Court notes that Plaintiff complains that Defendant has not produced a single responsive document in this case due to the confidentiality designation issue. Without addressing specifically each of the discovery requests at issue, the Court cautions the parties only to designate documents as "Confidential" and subject to the protective order in good faith and after careful review. If this designation is abused by either party, the Court reserves the right to revisit this issue and further address the Protective Order provisions, which may include shifting the burden of moving for an order regarding the "Confidential" designation of specific documents. "A protective order is always subject to modification or termination for good cause, even where the parties have consented to its entry." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp.2d 908, 914 (E.D. Tenn. 2009) (internal citations omitted).

Accordingly, for the reasons stated herein, Defendant's motion is hereby **GRANTED** (DE 22), and the Protective Order attached as Exhibit 1 to Defendant's motion is hereby **ENTERED**, subject to corrective language in paragraph 5, so that it now reads, "'confidential' by either party". The Court further finds that it would be unjust to award costs or expenses stemming from this motion pursuant to Federal Rule of Civil Procedure 37(a)(5), as the parties'

respective arguments were each justifiable and made in good faith, and in light of the parties' respective need for a ruling from the Court on this issue.

**IT IS SO ORDERED.**

Dated: September 26, 2017    s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 26, 2017, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager for the
                             Honorable Anthony P. Patti