UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

        Plaintiff,                     Case No. 2:16-cv-14428
                                         District Judge Nancy G. Edmunds
v.                                          Magistrate Judge Anthony P. Patti

GENERAL MOTORS LLC,

        Defendant.

_____/

**<u>ORDER STAYING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 37) PENDING THE COURT'S RULING ON PLAINTIFF'S OBJECTIONS TO ORDER GRANTING MOTION FOR ENTRY OF A PROTECTIVE ORDER (DE 38)</u>**

On September 26, 2017, the Court entered an Order granting Defendant's motion for entry of a protective order. (DE 35.) On October 4, 2017, Plaintiff's motion to compel Defendant to provide complete answers to interrogatories and produce documents (DE 26) came before this Court for a hearing. At that hearing, the parties engaged in a final meet and confer conference and then placed a stipulation on the record as to the matters they had resolved that had been the subject of Plaintiff's motion. The Court also made findings on the record regarding the remaining, unresolved matters, and issued an Order on October 5, 2017 granting in part and denying in part Plaintiff's motion to compel and ordering Defendant to supplement its responses and produce additional documents by

certain deadlines.  (DE 37.)  On October 10, 2017, Plaintiff filed objections to the September 26, 2017 Order granting Defendant's motion for entry of a protective order.  (See DE 38, objecting to DE 35.)

At the request of the parties, I conducted a telephone conference call with their counsel on October 11, 2017 to address the implications of Plaintiff's objections (DE 38) on the deadlines set forth in the Court's Order on Plaintiff's motion to compel and the stipulations which were incorporated within that Order by reference.  (DE 37.)  Defendant seeks a stay of the Court's Order on Plaintiff's motion to compel, pending the Court's ruling on Plaintiff's objections, stating that it entered into stipulations on the record and agreed to set deadlines based on the existence of the Protective Order.  Plaintiff opposes a stay, and states that she is only requesting that a factual finding be corrected and that the Protective Order be modified so that documents obtained by Plaintiff prior to this litigation outside of the discovery process may not be marked confidential under the Protective Order.

It is not clear whether the Court would set aside the Protective Order or simply modify it if the Plaintiff's objections are sustained.  However, it is clear that Defendant relied on the existence of the Protective Order in its present form in entering into the extensive stipulations on the record with regard to the outstanding discovery, promising to produce various items pursuant to that Order, as written.  It is unlikely that Defendant would have agreed to the substance of these stipulations

or the timing of the production deadlines established by the stipulations if it had known that Plaintiff intended to challenge the existing Protective Order, including its language regarding Defendant's ability to designate documents produced by Plaintiff as confidential. By entering into extensive stipulations regarding discovery on the record at the hearing and by framing the narrow issues which the Court addressed in DE 37, without alerting either Defendant or the Court that the scope and effect of the Protective Order was being challenged, Plaintiff was crossing her proverbial fingers on a hand which was hidden from view.

In the absence of a new stipulation from the parties regarding the production of documents pursuant to the Protective Order pending the Court's ruling on Plaintiff's objections, Defendant's obligations under the stipulations placed on the record and as reflected in the Order on Plaintiff's motion to compel (DE 37) are hereby **STAYED**, with a new scope and/or schedule to be revisited after the Court has ruled on the pending objections in DE 38. Notwithstanding the stay on Defendant's obligation to produce discovery materials to Plaintiff, Defendant is not absolved of its obligation to continue to collect and prepare the materials which were previously ordered or agreed to be produced by the stipulations, so that these materials are capable of being produced soon after resolution of Plaintiff's objections. The deadline for agreeing upon applicable search terms (see DE 37 at 3, ¶ 3) is hereby extended by one week to **October 19, 2017**.

**IT IS SO ORDERED.**

Dated: October 11, 2017   s/Anthony P. Patti
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 11, 2017, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　Honorable Anthony P. Patti