UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

       Plaintiff,                              Case No. 2:16-cv-14428
                                                District Judge Nancy G. Edmunds
v.                                                    Magistrate Judge Anthony P. Patti

GENERAL MOTORS LLC,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION (DE 47)

This matter is before the Court for consideration of Plaintiff's motion to compel filed on December 12, 2017 (DE 47), Defendant's response (DE 54), Plaintiff's reply (DE 55), and the parties' Joint List of Unresolved Issues (DE 57). Judge Edmunds referred this motion for hearing and determination on December 13, 2017. (DE 49.) The parties appeared for a telephonic status conference on December 15, 2017, and agreed to a stipulated order delaying briefing and decision on this motion pending an upcoming facilitation. (Minute entry, 12/15/2017.) Following a telephonic status conference with the parties on January 29, 2018, the Court entered a notice of hearing and set a briefing schedule on January 30, 2018. (DE 51.) On February 22, 2018, the hearing was re-noticed, by consent of the parties, for March 12, 2018. (DE 56.)

On March 12, 2018, attorneys Jeffrey M. Thomson and Margaret Carroll Alli appeared. For the reasons stated on the record, and consistent with my findings and reasoning stated on the record, all of which are incorporated by reference as though fully restated herein, Plaintiff's motion to compel (DE 47), as narrowed by the March 8, 2018 joint list of unresolved issues (DE 57), is **DENIED without prejudice** (as to Request Nos. 5-7) and **DENIED as moot** (as to all remaining issues) as follows:

1. **Request Nos. 5-7 seeking personal and/or GM-issued cellular phones for non-parties Yazmin Wong, Crystal Gonzales, and Dottie Appleman:** These requests, as stated in Plaintiff's Second Requests for Production, are denied without prejudice because they are overly broad, unduly burdensome, overly intrusive, and Plaintiff has not made a showing that she has attempted to obtain the information sought through less intrusive means.

    However, the Court recognizes that there may be potentially relevant information on the cellular phones of Ms. Wong, Ms. Gonzales and Ms. Appleman. Accordingly, after a protective order is entered in this case, confidential documents have been produced, including requested emails, and after Plaintiff has had an opportunity to depose Ms. Wong, Ms. Gonzales and Ms. Appleman, Plaintiff may again seek to inspect the cellular phones of those individuals, if needed, if she meets her burden to show: (1) that she has been unable to obtain the information sought through less intrusive means; and, (2) that there is a supportable basis for believing that the phones in question are likely to contain relevant, discoverable information and of what that information is likely to consist. The Court cautions that any future cell phone inspection requests must be narrowly tailored as to both time and scope, and, before the Court will consider another motion to compel their inspection, the parties must: (a) exchange proposed search terms; (b) attempt to develop an agreed protocol for inspection of the cellular phone(s); and, (c) attempt to agree as to (i) which phones are to be searched, (ii) by whose expert and, (iii) at whose

expense. If Plaintiff ultimately obtains such discovery, she will have leave to re-open the depositions of Ms. Wong, Ms. Gonzales and/or Ms. Appleman, if necessary, for the limited purpose of questioning the witnesses on information uncovered through the cell phone inspections.

2. The remainder of Plaintiff's motion to compel (DE 47), as narrowed by the March 8, 2018 joint list of unresolved issues (DE 57) and the statements of counsel made on the record, is denied as moot.

Finally, as stated on the record, the Court declines to award costs to either side because both sides' positions were substantially justified and required rulings from the Court. As such, an award of costs would not be appropriate or just in this matter.

**IT IS SO ORDERED.**


Dated: March 12, 2018         s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 12, 2018, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti