UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

    Plaintiff,

v.

GENERAL MOTORS LLC,

    Defendant.

                                 /

Case No. 16-14428

Honorable Nancy G. Edmunds

**ORDER REJECTING MAGISTRATE JUDGE'S ORDER [35] GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER [22]**

This matter comes before the Court on Plaintiff Denise Childers's Objections (Dkt. # 38) to the September 26, 2017 Magistrate Judge's Order (Dkt. # 35) Granting Defendant's Motion for Entry of a Protective Order (Dkt. # 22). Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court GRANTS Plaintiff's objections, REJECTS the Magistrate Judge's order, DENIES Defendant's Motion for Entry of a Protective Order, and VACATES the Protective Order entered by the Magistrate Judge.

**I.    FACTS**

Plaintiff, Denise Childers ("Plaintiff"), an employee of Defendant General Motors LLC ("Defendant" or "GM"), filed her complaint on December 21, 2016, and an amended complaint on December 23, 2016, alleging that Defendant discriminated and retaliated against her on the basis of her race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act, 29

U.S.C. § 621 *et seq.*, and that Defendant failed to make reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*. (Pl. Compl.; Dkt. # 1, at 4).

Discovery began on March 6, 2017. (Dkt. # 16). In response to Defendant's first request for production of documents, Plaintiff produced several documents ("Employment Access Documents") that she had acquired during her employment with Defendant. (Dkt. # 22, at 9; Pg ID 119). Plaintiff, a Senior Auditor in GM's Audit Services Division, conducts internal audits within GM to confirm compliance with company policies and regulatory requirements. In her position, Plaintiff, who is currently on a medical leave of absence which began on January 26, 2017, had access to a wide-range of GM documents, correspondence, and other property belonging to GM, some containing confidential and proprietary information, including financial data, audit procedures, and audit findings.

The initial Employment Access Documents Plaintiff produced in discovery included: (1) Interim Communication memoranda concerning audits / projects, which GM states include confidential findings / recommendations; (2) audit-related communications (e.g., emails); and (3) a PowerPoint Presentation regarding a substantial internal audit.[1] Defendant believes that these documents contain confidential information and that discovery may reveal more such documents. (D. Mot. Protective Order, Dkt. # 22, at 9; Pg ID 119). Defendant attempted to negotiate with Plaintiff a stipulated protective order, but the parties could not come to an agreement. (Parties' Exchange on Protective Order, Dkt. # 41-2, at 1-19; Pg ID 640-58).

---

[1] Defendant elected to maintain the confidentiality of these documents and not file them, indicating that they would make copies of the documents available to the Court upon request for an *in camera* review.

On August 15, 2017, Defendant filed a motion for entry of a proposed protective order ("Proposed Protective Order"), pursuant to Fed. R. Civ. P. 26(c), to protect the information it believes to be confidential. (Dkt. # 22). Defendant's Proposed Protective Order allows the parties to designate documents, information, or tangible things, as confidential when a party determines, in good faith, that they contain personal, proprietary, or sensitive business information. (Dkt. # 22-2). Defendant's Proposed Protective Order includes a procedure and mechanism to allow either party to designate documents, or challenge the designation of documents, as confidential. The Proposed Protective Order does not restrict Plaintiff's use of the documents within the lawsuit, regardless of their confidential status.

Defendant's Proposed Protective Order provides that "[a]ny documents or information produced pursuant to a discovery request or used as an exhibit to a deposition may be designated as confidential by [ ] either party whether such documents were produced prior to or after the entry of this Protective Order." (Dkt. # 22-2, ¶ 5). Defendant asserts this language is necessary to protect Defendant's confidential information already in Plaintiff's possession, or produced by Plaintiff in this matter, from unfettered dissemination, while still allowing Plaintiff to use the documents during the course of the lawsuit. In Defendant's reply brief, Defendant further clarified that Defendant does not seek to designate as confidential information documents that Plaintiff obtains through sources independent of Defendant or from the public record.

Plaintiff responded that Defendant should not be allowed to designate information Plaintiff obtained "outside the discovery process" as confidential under Rule 26(c). Plaintiff asserted that Defendant's Proposed Protective Order would restrict her ability to

3

disseminate information and improperly infringe upon her First Amendment rights. Plaintiff claimed that the Employment Access Documents that she obtained through her employment, and not through the discovery process, should not receive a designation of confidential, under the Proposed Protective Order, whether or not the documents contain proprietary or sensitive business information. Plaintiff also claimed that Defendant has not met its burden to demonstrate that "good cause" exists for entry of a protective order, and that Defendant specifically failed to explain how disclosure of this information would potentially harm Defendant if disclosed.

On September 26, 2017, Magistrate Judge Anthony P. Patti issued an Order Granting Defendant's Motion for Entry of a Protective Order. (Dkt. # 35). He granted the motion pursuant to Fed. R. Civ. P. 26(c), which provides that for good cause shown, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); (Dkt. # 35).

The Magistrate Judge found that the Proposed Protective Order properly sought to protect information produced during the discovery process. He explained, "[t]he fact that Plaintiff has these documents in her possession as a result of her employment with Defendant, as a Senior Auditor, does not relieve these documents of their confidential status." (Dkt. # 35, at 7; Pg ID 571). "Defendant identified those documents Plaintiff has produced, they. . . .includ[e] Defendant's financial data, internal audit procedures and internal audit findings, as well as those types of documents it asserts will contain

4

Defendant's confidential proprietary information subject to the proposed Protective Order." (Dkt. # 35, at 6; Pg ID 570).

The Magistrate Judge's order also included a plain error. He attributed to Plaintiff's counsel a statement that Defendant's counsel had made.[2] He believed, in error, that Plaintiff's counsel had conceded that the Employment Access Documents contained confidential information. The Magistrate Judge cited the incorrectly attributed statement twice, in two separate analysis portions of his order.

On October 10, 2017, Plaintiff filed two timely objections to the Magistrate Judge's Order Granting Defendant's Motion for Entry of a Protective Order. (Dkt. # 38). Plaintiff's first objection corrects the attribution error. Plaintiff argues that the Magistrate Judge's conclusions relied on the belief that Plaintiff conceded that the documents contained confidential information. Plaintiff asserts that the Magistrate Judge's conclusions would have been different had he correctly understood that Plaintiff believes that the documents do not contain information Defendant has good cause to label confidential. In her second objection, Plaintiff argues that Rule 26(c) itself does not authorize the Court to control a party's use of information obtained outside of the discovery process, but is instead only a grant of power to impose conditions on discovery. Defendant filed a response (Dkt. # 41) and an amended response (Dkt. # 43) to Plaintiff's objections, and Plaintiff filed a reply (Dkt. # 42).

## II.   STANDARD OF REVIEW

---

[2] Defendant's counsel, not Plaintiff's, said "[c]learly, many of the documents Plaintiff produced to GM in response to GM's document requests in this litigation are confidential documents within the purview of Rule 26(c)."  (Dkt. # 22-3,  Pg ID 141).

5

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1984) (explaining clearly erroneous standard under Rule 52(a)).

The "clearly erroneous" standard applies only to the magistrate judge's factual findings. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (J. Borman) (citations omitted). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law,

6

or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (J. Roberts) (citation omitted). The Court must use independent judgment when reviewing a Magistrate Judge's legal conclusions. *Id.*

## III. ANALYSIS

Federal Rule of Civil Procedure 26(c) provides that "[a] party or any person ***from whom discovery is sought*** may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c) (emphasis added). "The burden of establishing good cause for a protective order rests with the movant. To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (internal quotation marks and citations omitted).

> However,
>
> [t]he provision for protective orders in Rule 26(c) is plainly limited in its application to protection from abuses flowing from the employment of the discovery rules. Similarly, it has been held that the court may not issue an order limiting a party in the use it may make of information not acquired under the discovery rules, even though had the same information been sought through discovery the opposing party would have been entitled to a protective order.

4 *Moore's Federal Practice* ¶ 26.78 at 26-503 to 26-504 (1987) (footnotes omitted). The Supreme Court has observed that "a protective order prevents a party from disseminating *only that information obtained through the use of the discovery process.* Thus, the party may disseminate the identical information covered by [a] protective order as long as the

information is *gained through means independent of the court's processes*." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (emphasis added).

Rule 26, which is titled "Duty to Disclose; General Provisions Governing Discovery," "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but it is rather a grant of power to impose conditions on *discovery* in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983) (noting that a prohibition on disclosure of pre-discovery documents constitutes a prior restraint on free speech and is not authorized by the discovery rules) (emphasis in original). In *Technicare*, the Second Circuit concluded that, since the documents at issue were not obtained by means of discovery and were instead compiled prior to the filing of the lawsuit, Rule 26(c) did not give the court authority to prohibit disclosure of the information. *Id.* at 945. Similarly, in *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1081 (9th Cir. 1988), the Ninth Circuit held that the district court lacked the power to issue a protective order to compel the return of documents obtained from Uniden through discovery in a separate action, and noted that this rule applies even when the parties are identical.

In this case, the Magistrate Judge concluded that the Employment Access Documents were within the control of Fed. R. Civ. P. 26(c). The Court finds that this conclusion is contrary to the law discussed above. Here, Defendant was not the party "from whom discovery [was] sought." *See* Fed. R. Civ. P. 26(c). Additionally, Plaintiff did not obtain the Employment Access Documents through the use of the court's discovery processes. Instead, Plaintiff obtained the Employment Access Documents prior to the filing of the

lawsuit. Accordingly, Rule 26(c) does not grant the Court the authority to issue a protective order limiting Plaintiff in the use she may make of the Employment Access Documents.

Because the Court agrees with Plaintiff that Rule 26(c) does not grant such authority, the Court REJECTS the Magistrate Judge's Order Granting Defendant's Motion for Entry of a Protective Order, and the Court does not reach the parties' other arguments. However, the Court notes that the Magistrate Judge's factual finding that Plaintiff's counsel conceded in an email that the Employment Access Documents contained confidential information was clearly erroneous because the record is clear that it was Defendant's counsel who made that statement. For the reasons discussed above, the Court DENIES Defendant's Motion for Entry of a Protective Order and VACATES the Protective Order entered by the Magistrate Judge. The parties are free to seek a protective order that is permissible under Rule 26(c). The Court also notes that, in appropriate circumstances, a party may seek an injunction against the use or disclosure of its trade secrets and confidential information. The current record, however, is devoid of facts showing any defined injury that may result from any disclosure of the Employment Access Documents.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Objections (Dkt. # 38), REJECTS the Magistrate Judge's September 26, 2017 Order (Dkt. # 35), DENIES Defendant's Motion for Entry of a Protective Order (Dkt. # 22), and VACATES the Protective Order entered by the Magistrate Judge.


SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2018, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett
Lisa C. Bartlett
Case Manager