UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

   Plaintiff,        Case No. 2:16-cv-14428
               District Judge Nancy G. Edmunds
v.               Magistrate Judge Anthony P. Patti

GENERAL MOTORS LLC,

   Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS, TO COMPEL, AND TO EXTEND SCHEDULING ORDER (DE 73)

This matter is before the Court for consideration of Plaintiff's motion for sanctions, to compel, and to extend scheduling order (DE 73), Defendant's response (DE 76), Plaintiff's reply (DE 78), and the parties' joint list of unresolved issues (DE 80). Judge Edmunds referred this motion for hearing and determination. (DE 74.)[1]

Plaintiff's motion came before the Court for a hearing on September 5, 2018. On the date set for hearing, attorneys Jeffrey M. Thomson, Margaret Carroll Alli, and Alexis Martin appeared. At the hearing, counsel for the parties informed

---

[1] On July 9, 2018, the Court granted Plaintiff's request for extension of the scheduling order dates, and stated that the remainder of the issues raised in Plaintiff's motion remain pending and will be addressed at the scheduled hearing. (Text-Only Order dated 7/9/2018.) Accordingly, the portion of the motion which requests an extension of the scheduling order is deemed moot.

the Court that they had resolved several more of the disputed matters that had been the subject of Plaintiff's motion. Counsel for the parties placed a stipulation as to these resolved matters on the record.

The two issues that remain unresolved are: (1) whether Defendant has violated the Order to Compel, Defendant's stipulation, and the Stay Order; and (2) if so, what sanctions are appropriate under the circumstances. As to these remaining issues, consistent with my findings and reasoning stated on the record, which are hereby incorporated by reference, Plaintiff's motion for sanctions, to compel and to extend the scheduling order (DE 73), as narrowed by the August 31, 2018 joint list of unresolved issues (DE 80) and the aforementioned stipulation, is **GRANTED IN PART** and **DENIED IN PART.**

First, the Court finds that Defendant has violated the Court's October 5, 2017 Order granting in part and denying in part Plaintiff's motion to compel (DE37), including the stipulations placed on the record at the October 4, 2017 hearing, as well as the Court's October 11, 2017 Stay Order, which expressly instructed:

> [n]otwithstanding the stay on Defendant's obligation to produce discovery materials to Plaintiff, Defendant is not absolved of its obligation to continue to collect and prepare the materials which were previously ordered or agreed to be produced by the stipulations, so that these materials are capable of being produced soon after resolution of Plaintiff's objections [to the Protective Order].

(DE 40). The stay was lifted, at the latest, on May 3, 2018, when the parties filed their stipulated protective order (DE 67). While Defendant has produced a large number of documents since the stay was lifted, it is undisputed that it produced the vast majority of those documents (almost 80%) only after the instant motion was filed on June 20, 2018, and well after the stay was lifted and the stipulated protective order was entered on May 3, 2018. Therefore, as explained on the record, the Court finds that Defendant failed to comply with the Court's orders – including the Court's directive to "collect and prepare" discovery materials for production during the seven month stay period – and the parties' stipulations, and Plaintiff's instant motion to compel was necessary.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(c), the Court must award the payment of "reasonable expenses, including attorney's fees" for failure to comply with a court order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court does not find that Defendant's failure to comply with the Court's orders and the parties' stipulations was "substantially justified" or that "other circumstances make an award of expenses unjust," and thus Plaintiff is awarded her reasonable costs and attorney's fees associated with this motion, pursuant to Fed. R. Civ. P. 37(b)(2)(C). This award is to be paid by Defendant General Motors to Plaintiff's counsel. "Reasonable expenses" are expressly limited to expenses

incurred in connection with the instant motion, including the briefing, preparation for the hearing, and attendance at the hearing.

Plaintiff shall submit an itemized bill of costs, under oath or declaration, for the Court's consideration via ECF on or before **September 19, 2018** in support thereof; thereafter, any specific objections to the amount of fees or costs being sought must be filed by Defendant on or before **September 26, 2018.** Defendant shall then pay the award of expenses within ten days of the Court's determination.

Finally, Rule 37(b)(2)(A) provides that the Court "may issue further orders" for sanctions for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). The Court finds, for the reasons stated on the record, that such further sanctions are not warranted here. Furthermore, while Plaintiff may have suffered some prejudice, it has largely been cured by Defendant's late discovery productions, the agreements made in the joint statement (DE 80), the stipulations placed on the record today, the extension of the scheduling order deadlines, and the costs and fees awarded herein.

**IT IS SO ORDERED.**

Dated: September 5, 2018         s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 5, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti