UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

            Plaintiff,                    Case No. 16-14428

v.                                     Honorable Nancy G. Edmunds

GENERAL MOTORS LLC,

            Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [123] AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE [124]

Before the Court is Plaintiff's motion for reconsideration of this Court's opinion and order granting in part and denying in part Defendant's motion for summary judgment, (dkt. 123), and Defendant's motion for leave to file a response to Plaintiff's motion for reconsideration, (dkt. 124).  In its opinion, the Court found that Plaintiff's retaliation claims based on the allegedly adverse acts that followed the filing of her EEOC complaint survived, but granted Defendant's motion for summary judgment on the remaining claims.  (*See* dkt. 120.)

Under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects.  For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

The Court first notes that Plaintiff's motion presents the same issues ruled upon by the Court.  However, motions for reconsideration "are not the proper vehicle to

relitigate issues previously considered." *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (internal quotations and citation omitted); *see also* E.D. Mich. L.R. 7.1(h)(3). And to the extent Plaintiff expands on her previously made arguments and cites to additional cases for the first time, this too is an improper use of a motion for reconsideration. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that parties should not use motions for reconsideration "to raise arguments which could, and should, have been made before judgment issued"). Thus, Plaintiff has not identified a palpable defect by which the Court and the parties have been misled.

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED. Because the Court denies Plaintiff's motion, Defendant's motion for leave to file a response is DENIED as moot.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 28, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager