UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS

            Plaintiff,

vs.

GENERAL MOTORS LLC,

            Defendant.

Case No. 16-cv-14428

Honorable Bernard A. Friedman

Magistrate Judge Anthony P. Patti

---

Mayer Morganroth (P17966)
Jeffrey M. Thompson (P72202)
MORGANROTH & MORGANROTH
Attorneys for Plaintiff
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
MMorganroth@morganrothlaw.com
JThomson@morganrothlaw.com

Margaret Carroll Alli (P38281)
Michael D. Mitchell
Alexis Martin (P80817)
OGLETREE, DEAKINS, NASH
SMOAK &  STEWART, PLLC
Attorneys for Defendant
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400
margaret.alli@ogletree.com
michael.mitchell@ogletree.com
alexis.martin@ogletree.com

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM PRE-RECUSAL ORDERS PURSUANT TO FED.R.CIV.P. 60(b) and 28 U.S.C. §455(a).**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF ISSUES PRESENTED.................................................. v

MOST CONTROLLING AUTHORITY ................................................. vi

   I. Preliminary Statement.................................................................... 1

   II. Procedural History and Plaintiff's Third Attempt to Set Aside Judge
      Edmunds' Rulings. ...................................................................... 4

   III.  ARGUMENT ............................................................................ 5

    A. Fed.R.Civ.P. 60(b) Provides Relief from Final Orders and Is Inapplicable
       to Plaintiff's Request to Vacate and Review Interlocutory Orders. .............5

    B. Setting Aside Judge Edmunds' rulings is Inconsistent With The Weight of
       Authority Interpreting 28 U.S.C. §455 Because Any Error was Harmless
       and Greater Injustice Would Occur In Returning This Three-Year Old
       Lawsuit to Square One. .................................................................7

      1. Allowing Judge Edmunds' pre-trial orders to stand does not present a
         significant risk of injustice to the parties in this or any other case. ..........8
      2. Allowing Judge Edmunds' rulings to stand would not undermine the
         public's confidence in the judicial process.............................................10

   IV.  CONCLUSION ...................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*U.S. ex rel. American Textile Mfrs. Institute, Inc., v. The Limited, Inc.*,
179 F.R.D. 541 (S.D. Ohio 1998)........................................................ vi, 5, 9, 12

*Carter v. Robinson*,
211 F.R.D. 549 (E.D. Mich. 2003) ...................................................................6

*In re Continental Airlines Corp*,
901 F.2d 1259 (5th Cir. 1990) ...............................................................vi, 9, 10

*Coopers & Lybrand v. Livesay*,
437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) .........................................6

*Demodulation, Inc. v. United States*,
114 Fed. Cl. 655 (2014) ....................................................................................8

*Duke v. Pfizer, Inc.*,
867 F.2d 611 (6th Cir. 1989) ...................................................................12, 13

*Hewitt v McCrary*,
387 F.Supp.3d 761 (E.D. Mich. 2019) ...............................................................6

*Liljeberg v. Health Services Acquisition Corp.*,
486 U.S. 847 (1988)................................................................................*passim*

*Parker v. Conners Steel Co.*,
855 F.2d 1510 (11th Cir. 1988) ....................................................................vi, 9

*Plaut v. Spendthrift Farm, Inc.*,
514 U.S. 211 (1995)..........................................................................................5

*In re School Absestos Litigation*,
977 F.2d 764 (3rd Cir. 1992) ....................................................................vi, 4, 10

*In re School Absestos Litigation*,
977 F.2d 764 (3rd Cir. 1992) ........................................................................3, 9

**Statutes**

28 U.S.C. §455 ...................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P 60 ................................................................................vi, 3, 5

7 Moore's Federal Practice, ¶ 60.20 .........................................................5

## STATEMENT OF ISSUES PRESENTED

I.     Should this Court deny Plaintiff's request to vacate Judge Edmunds' orders partially granting General Motors LLC's motion for summary judgment and declining to exercise supplemental jurisdiction over state law claims where: (1) Fed.R.Civ.P. 60(b) is inapplicable to the instant interlocutory orders; (2) any error was harmless as de novo review of Judge Edmunds' rulings is available to Plaintiff on appeal; and (3) there is no basis in this record or Judge Edmunds' distinguished career to suggest that the public's trust and confidence in the judicial system is undermined by her pre-trial rulings in this case.

Defendant's Answer: yes.

## <u>MOST CONTROLLING AUTHORITY</u>

*In re School Absestos Litigation*, 977 F.2d 764 (3rd Cir. 1992).

*In re Continental Airlines Corp*, 901 F.2d 1259 (5th Cir. 1990).

*U.S. ex rel. American Textile Mfrs. Institute, Inc., v. The Limited, Inc*., 179 F.R.D. 541 (S.D. Ohio 1998).

*Parker v. Conners Steel Co*., 855 F.2d 1510 (11th Cir. 1988)

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)

28 U.S.C. §455(a)

Fed R. Civ. P. 60(b)

Defendant, General Motors LLC ("GM" or "Defendant") by and through its undersigned attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, files this Response in Opposition to Plaintiff's Motion For Relief For Pre-Recusal Orders Pursuant to Fed.R.Civ.P. 60(b) and 28 U.S.C. §455(a).

## I.    PRELIMINARY STATEMENT

Pre-trial proceedings in this case have been extensive and vigorously litigated. As demonstrated by the docket entries in case 16-cv-14428, each party was provided with a full and transparent pre-trial process to raise motions and present argument. Several pre-trial motions were filed and adjudicated, typically through the Magistrate Judge assigned to this lawsuit.

During a telephonic conference on December 17, 2019 to select trial dates, Judge Edmunds disclosed to defense counsel her long-standing social friendship *with Plaintiff's counsel's parents*. Given the upcoming trial, Judge Edmunds offered to recuse herself and invited GM to let the Court's Case Manager know if the case should be reassigned. In the abundance of caution, GM accepted Judge Edmunds' invitation to recuse herself from presiding over the upcoming trial.

In support of her request to vacate two of Judge Edmunds' pre-trial rulings, Plaintiff now appears to question Judge Edmunds' impartiality *toward Plaintiff* during the pre-trial process. Plaintiff's suggestion is disingenuous and unsupported. There is no appearance of impropriety relative to either party in connection with the

numerous pre-trial rulings in this case and Judge Edmunds' reputation as a measured and thoughtful jurist hardly undermines the public's confidence in the judiciary.

Notably, important pre-trial rulings by Judge Edmunds were decidedly *in Plaintiff's favor.* For example, after Plaintiff had been deposed and nearly eighteen months into this case, Plaintiff brought a motion to add a new claim that would require re-opening Plaintiff's deposition and require additional discovery. GM opposed Plaintiff's motion; however, Judge Edmunds granted Plaintiff's request (ECF #68).[1] Additionally, after extensive briefing and two hearings, the Magistrate Judge entered an order granting GM's motion for protective order (ECF #35). In response, Plaintiff filed written objections. Ruling for Plaintiff, Judge Edmunds rejected the Magistrate Judge's order, denied GM's motion for protective order and vacated the order entered by the Magistrate Judge (ECF #63). While GM was disappointed by (and disagreed with) Judge Edmunds' rulings, there is no basis to infer that her pre-trial rulings *against GM* were the product of partiality or in any way undermine the public's trust and confidence in the judicial system.

GM raises the above pre-trial rulings *favorable to Plaintiff* because Plaintiff's motion for relief from pre-recusal orders is curiously silent as to them. Plaintiff's omission is telling. GM reasonably believes this motion is a tactical maneuver by

---

[1] Unless stated differently, all ECF citations relate to Case 16-cv-14428.

Plaintiff to bypass a ruling on partial summary judgment with which she disagrees – and for which she has the right to a de novo hearing on appeal.

For all of the reasons explained below, Plaintiff's motion should be denied. Fed R. Civ. P. 60(b) only applies to final orders and Judge Edmunds' rulings granting partial summary judgement, denying reconsideration, and remanding state law claims are not final orders disposing of the case. Additionally, the weight of authority under 28 U.S.C. §455(a) does not warrant setting aside Judge Edmunds' rulings because no reasonable person reviewing the pre-trial record would question Judge Edmunds' impartiality, Plaintiff has an appellate remedy, and there is a "strong public interest in avoiding unnecessary, costly duplication of work and in propelling this case to a speedy and just conclusion." *In re School Absestos Litigation*, 977 F.2d 764,785 (3rd Cir. 1992).

Plaintiff's reliance on *Liljeberg v Health Services Acquisition Corp.*, 486 U.S. 847 (1988) is misplaced. The facts in *Liljeberg* -- where the trial judge was a trustee of a party interested in the litigation and there was an "ample basis" in the record to question the trial court's impartiality in entering a final judgment[2] – are highly distinguishable from this matter.  In balancing whether to vacate a prior order, none of the factors announced by the Supreme Court in *Liljeberg* warrant or justify the

---

[2] 486 U.S. at 2203.

enormous cost to both the parties and the judicial system in returning this 2016 lawsuit to square one.  *In re School Absestos Litigation,* 977 F.2d at 785.

## II.   PROCEDURAL HISTORY AND PLAINTIFF'S THIRD ATTEMPT TO SET ASIDE JUDGE EDMUNDS' RULINGS.

This is Plaintiff's *third attempt* to set aside Judge Edmunds' ruling granting partial summary judgment on her claims. Plaintiff's motion for reconsideration of Judge Edmunds' ruling on summary judgment was her first attempt (ECF #123). When that was unsuccessful (ECF #127), Plaintiff filed a lawsuit in Wayne County Circuit Court on December 20, 2019, attempting to revive and resuscitate the same allegations that were subject to years of litigation in case 16-cv-14428 and which were dismissed by Judge Edmunds in her order granting partial summary judgment.[3] Given Plaintiff's duplicative federal claim under 42 U.S.C. §1981, GM removed Plaintiff's December 20, 2019 Complaint from Wayne County Circuit Court to this Court (Case No. 20-cv-10081, ECF #001) and it was consolidated into this case (Case No. 20-cv-10081, ECF #006).  Plaintiff's motion soon followed as a third effort by Plaintiff to bypass Judge Edmunds' rulings on summary judgment and denial of reconsideration of her rulings.

---

[3] Many claims in Plaintiff's December 20, 2019 Complaint are also time-barred under Michigan law because Plaintiff never filed a state court action when Judge Edmunds' declined to exercise supplemental jurisdiction over her state law claims in 2017 (ECF #10). GM's separate motion to dismiss the untimely claims is pending.

4

Procedurally, it is important to note that no violation of 28 U.S.C §455(a) occurred in this case. Judge Edmunds was not disqualified from hearing the case; rather, she offered to step aside after disclosing her social friendship with Plaintiff's counsel and his family. GM believes Judge Edmunds did the right thing, undoubtedly toward furthering the goal of "an expeditious resolution of the case on its merits without the encumbrance of a question of impropriety." *U.S. ex rel. American Textile Mfrs. Institute v. The Limited, Inc*., 179 F.R.D. 541, 545 (S.D. Ohio 1998).

## III.  ARGUMENT

### A.  Fed.R.Civ.P. 60(b) Provides Relief from Final Orders and Is Inapplicable to Plaintiff's Request to Vacate and Review Interlocutory Orders.

Plaintiff brings her motion pursuant to Fed.R.Civ.P. 60(b)(6), which allows a court to relieve a party from a final judgment, order or proceeding "for any other reason that justifies relief." Plaintiff concedes that the criteria in Fed.R.Civ.P. 60(b)(1) through (5) are inapplicable to this case.

Plaintiff's motion should be denied because Fed.R.Civ.P. 60(b) only applies to certain *final* orders and judgments and not the interlocutory rulings she challenges here. 7 Moore's Federal Practice, ¶ 60.20, p. 170; *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233, (1995) (Rule "60(b) ... authorizes courts to relieve parties from a final judgment for grounds such as excusable neglect, newly discovered evidence,

fraud, or 'any other reason justifying relief...' "). For purpose of Fed.R.Civ.P. 60(b), a final judgment or order is one that conclusively determines the rights of the parties, leaving nothing for the court to do but execute the order. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). An order that disposes of fewer than all of the claims or parties is not deemed final for purposes of Fed.R.Civ.P. 60(b). *Hewitt v McCrary*, 387 F.Supp.3d 761 (E.D. Mich. 2019)("Rule 60(b) only applies to final orders and does not cover interlocutory orders like the Stipulated Order of Dismissal"). In this case, Judge Edmunds' partial denial of summary judgment (and denial of Plaintiff's request to reconsider that ruling) are interlocutory orders not subject to Fed.R.Civ.P. 60. *Carter v. Robinson,* 211 F.R.D. 549, 550 (E.D. Mich. 2003). As such, Plaintiff's motion under Fed.R.Civ.P. 60(b)(6) warrants immediate dismissal.

Moreover, motions under Fed.R.Civ.P. 60(b) must be brought within a reasonable time period. Fed.R.Civ.P. 60(c). Plaintiff's motion to vacate Judge Edmunds' February 1, 2017 order declining to exercise supplemental jurisdiction over Plaintiff's state law claims (ECF #10) is untimely. Three years have passed since that order was entered and Plaintiff never challenged that order until she filed the instant motion. Lying in wait for three years, solely to spring a challenge to the Court's ruling all these years later, is not reasonable.

**B.      Setting Aside Judge Edmunds' rulings is Inconsistent With The Weight of Authority Interpreting 28 U.S.C. §455 Because Any Error was Harmless and Greater Injustice Would Occur In Returning This Three-Year Old Lawsuit to Square One.**

The Supreme Court identified three factors relevant in determining whether a final judgment or order should be vacated in connection with a recusal under 28 U.S.C. §455(a): (1) the risk of injustice to the parties in the particular case; (2) the risk that denial of relief will produce injustice in other cases; and (3) the risk of undermining the public's confidence in the judicial process.[4] As Justice Stevens' cautioned in *Liljeberg*, "[t]here need not be a draconian remedy for every violation of §455(a)."  486 U.S. at 862.

Here, setting aside the fact that there was no violation of 28 U.S. C. §455(a), Plaintiff's request to vacate Judge Edmunds' 2017 order (refusing to exercise supplemental jurisdiction over Plaintiff's state law claims) (ECF #10) and her orders granting partial summary judgment (ECF #120) and denying reconsideration of same (ECF # 127) would be the very type of draconian remedy about which Justice Stevens sounded a warning in *Liljeberg*. Vacating three interlocutory rulings that Plaintiff has self-servingly selected would essentially take this case back to the beginning and amount to starting over in a lawsuit that is already three years old.

---

[4] *Liljeberg* 486 U.S. at 864.

Neither the Supreme Court's opinion in *Liljeberg,* nor the case law interpreting 28 U.S.C. §455 support such a result.

### 1. Allowing Judge Edmunds' pre-trial orders to stand does not present a significant risk of injustice to the parties in this or any other case.

Citing *Demodulation, Inc. v. United States*, 114 Fed. Cl. 655 (2014), Plaintiff posits that vacatur is necessary to prevent injustice because both parties "could one day wonder whether the outcome of the case was influenced by a judge who later recused herself from the case." Nothing could be further from the truth. Given Judge Edmunds' disclosure, any suggestion of bias would have been in Plaintiff's favor. By preemptively offering to recuse herself from presiding over the trial, Judge Edmunds prevented the opportunity for the very type of speculation or wonder that Plaintiff identifies in her motion. Rightly so, Judge Edmunds focused on the speedy conclusion of this lawsuit on the merits without creating the potential burden of questions of impropriety if she presided over the trial.

As stated above, there is nothing in this vigorously litigated pre-trial record that causes GM or its counsel to question Judge Edmunds' impartiality during pre-trial proceedings, even with her rulings adverse to GM. GM and its undersigned counsel have tremendous respect for Judge Edmunds. Her venerable judicial career speaks for itself in the public record. While GM disagrees with some of the trial court's pre-trial rulings, including only partially granting GM's motion for summary

8

judgement, GM understands and accepts that its recourse is through the appellate process.

The availability of appellate relief is a key consideration in deciding whether to vacate a prior ruling. Any error that Plaintiff alleges occurred when Judge Edmunds did not recuse herself early on in the litigation is harmless given the opportunity for appellate review of all pre-trial rulings, and the fact that most pre-trial discovery disputes in this matter were adjudicated by the Magistrate Judge. Allowing summary judgment rulings to stand creates little risk of injustice because those rulings are subject to de novo review on appeal "with the reviewing court utilizing criteria identical to that used by the court below." *In re Continental Airlines Corp*, 901 F.2d 1259, 1263 (5th Cir. 1990). For these reasons, numerous courts have declined, under Fed.R.Civ.P. 60(b) or 28 U.S.C. §455(a), to set aside summary judgment or summary dismissal rulings. *In re Continental Airlines Corp, 901 F.2d at 1265; Parker v Conners Steel Co*., 855 F.2d 1510, 1527 (11th Cir. 1988); *U.S. ex rel. American Textile Mfrs. Institute, Inc., v The Limited, Inc*., 179 F.R.D. 541, 543 (S.D. Ohio 1998). As the Court in *In Re School Asbestos Litigation* explained:

> **Even if any of the summary judgment rulings were affected by unintentional bias, those rulings will be subject to plenary review upon final judgment. To vacate all those rulings now and order full reconsideration by the incoming district judge would entail enormous cost to the parties and to the judicial system with little corresponding gain. Accordingly, we will not do so, especially since we believe that none of Judge Kelly's order were infected with actual bias.**

...

> **The availability of later plenary review of the disposition of summary judgment motions and our authorization of reconsideration of discretionary trial structure motions should be adequate to assure the public confidence in past rulings without needless disruption of this very important litigation.**

*Id.* at 977 F.2d 787, 788.

Further, contrary to Plaintiff's argument, vacating Judge Edmunds' orders for a de novo review now would impose significant hardship on the parties by unwinding nearly three years of litigation. The parties would be in the same place as they were in February 1, 2017 (the date the trial court dismissed Plaintiff's state law claims), which would cause a great injustice not only to the litigants, but also to the "systemic interests" of the judicial system, including "the likely extent of lost public confidence in the district court's rulings, and the strong public interest in avoiding unnecessary, costly duplication of work and in propelling this case to a speedy and just conclusion." *In Re School Asbestos Litigation,* 977 F.2d at 785. In comparison, the risk to the parties, if Plaintiff's relief is denied, is largely non-existent. *In re Continental Airlines Corp*, 901 F.2d 1259, 1263 (5th Cir. 1990).

### 2. *Allowing Judge Edmunds' rulings to stand would not undermine the public's confidence in the judicial process.*

Nothing in Judge Edmunds' handling of this pre-trial record causes the public to lose confidence in the judicial process. By the time of the parties' telephonic conference on December 17, 2019, this lawsuit had dragged on significantly. Scores

of pre-trial discovery motions occurred with numerous hearings before the Magistrate Judge. Summary judgment motions and briefs were considered and heard. Motions to rehear the summary judgement argument had been filed and ruled upon. In her December 17, 2019 telephonic conference, Judge Edmunds was clear in her desire to move this case to trial as expeditiously as possible without any barriers. Removing the possible barrier of an appearance of impropriety by offering to step aside was in furtherance of the goal to bring this meandering case to a resolution on the merits. These actions by Judge Edmunds enhance, rather than undermine, the public's confidence in the judicial process. Her willingness to step aside to allow the case to proceed to trial without any suggestion of partiality bolsters the public confidence in judicial management. Plaintiff's suggestion to the contrary in her brief, particularly for what appear to be solely tactical reasons, is deeply disappointing. Allowing Plaintiff to seize on a procedural opportunity to avoid targeted pre-trial rulings with which she disagrees and, in the process, undo years of litigation, would very much undermine the public's confidence in the judicial process.

Even more troubling is Plaintiff's apparent argument that vacatur is appropriate "because it would encourage prompt disclosure of possible grounds for disqualification on the record and early determinations regarding whether recusal is warranted." (ECF #136, Pg.Id 5930). Stated differently, Plaintiff asks this court to

set aside Judge Edmunds' rulings on the grounds that the public interest would be served by teaching Judge Edmunds a lesson about the timing of her disclosure. Oddly, Plaintiff's counsel never disclosed to GM or its counsel Judge Edmunds' relationship with his parents despite three years of extensive proceedings and clear knowledge on his part. Yet, Plaintiff now takes aim at Judge Edmunds' timing in order to secure a second (or third) bite of the apple. This Court should not be persuaded by Plaintiff's motion to allow what amounts to a "do over." Under similar circumstances, the court in *U.S. ex rel. American Textile Mfrs. Institute, Inc., v. The Limited, Inc.*, declined to vacate an order of dismissal under 28 U.S.C. §455, explaining:

> **In other words, Relator requests a complete second bite of the apple. The strategy employed by Relator is questionable at best, and the Court refuses to reward Relator or encourage this trend. Litigants have a duty to investigate and inform the court of any perceived biases before the court and the parties invest time and expense in a case. Relator has posited no reason for the failure to make a timely inquiry into Judge Holschuh's background.**

179 F.R.D. at 546.

Finally, Plaintiff's argument that "[f]ollowing *Liljeberg,* the Sixth Circuit manifested a strong preference that once a judge is recused pursuant to Section 455(a), the judge to whom the case is reassigned review all substantive pre-recusal rulings" is not correct.  In *Duke v. Pfizer, Inc*., 867 F.2d 611 (6th Cir. 1989), the Sixth Circuit clearly stated its intent to follow the harmless error rule set forth in

*Liljeberg* in motions seeking to set aside prior orders or judgments: "even if 28 U.S.C. §455(a) had been violated, utilization of the harmless error analysis set out in *Liljeberg* would still result in our affirmance of the denial of Duke's motion for a new trial." 867 F.2d at 613.

## IV.    CONCLUSION

For all of the reasons stated herein, Plaintiff's Motion for Relief From Pre-Recusal Orders Pursuant to Fed.R.Civ.P. 60 should be denied.

Respectfully submitted,

Dated: February 20, 2020.

s/Margaret Carroll Alli
Margaret Carroll Alli (P38281)
Michael D. Mitchell
Alexis Martin (P80817)
OGLETREE, DEAKINS, NASH
SMOAK &  STEWART, PLLC
Attorneys for Defendant
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400
margaret.alli@ogletree.com
michael.mitchell@ogletree.com
alexis.martin@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2020, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all ECF participants.

s/Margaret Carroll Alli
Margaret Carroll Alli (P38281)
OGLETREE, DEAKINS, NASH
SMOAK &  STEWART, PLLC
Attorneys for Defendant
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400
margaret.alli@ogletree.com

41749319.1

14