UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CHILDERS,

    Plaintiff,                                           Civil Action No. 16-CV-14428

vs.                                                HON. BERNARD A. FRIEDMAN

GENERAL MOTORS LLC,

    Defendant.
_____/

DENISE CHILDERS,

    Plaintiff,                                           Civil Action No. 20-CV-10081

vs.                                                HON. BERNARD A. FRIEDMAN

GENERAL MOTORS LLC,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND FOR PROTECTIVE ORDER**

This matter is presently before the Court on defendant's motion to dismiss and for a protective order [docket entry 138]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This matter consists of two consolidated cases. In both, plaintiff Denise Childers alleges that her employer, defendant General Motors LLC ("GM"), has violated her rights under various civil rights statutes. In her second amended complaint in 16-14428, plaintiff alleges that defendant discriminated and retaliated against her based on her race and age in violation of Title VII (Count I), that defendant discriminated and retaliated against her based on her age in violation of the Age Discrimination in Employment Act (Count II), that defendant failed to accommodate her

mental impairment in violation of the Americans with Disabilities Act (Count III), and that defendant discriminated and retaliated against her based on her race in violation of 42 U.S.C. § 1981 (Count IV). In February 2019, the Court granted summary judgment for defendant as to all of these claims except for her retaliation claims based on the allegedly adverse acts that followed the filing of her EEOC complaint on January 28, 2016.

On December 20, 2019, plaintiff filed a complaint in Wayne County Circuit Court alleging that defendant discriminated and retaliated against her based on her race in violation of the Elliott-Larsen Civil Rights Act ("ELCRA") (Count I) and § 1981 (Count II). In January 2020, defendant removed that case to this Court, where it was assigned case number 20-10081 and then consolidated with 16-14428. The Court recently dismissed plaintiff's ELCRA claims in 20-10081 without prejudice pursuant to 28 U.S.C. § 1367(c), as it did previously in 16-14428.

In the motion now before the Court, defendant asks that the Court "dismiss Plaintiff's discrimination claims to the extent they are based on alleged acts that occurred from 2013-2016; dismiss Plaintiff's retaliation claims to the extent they are based on any alleged protected act that occurred before January 28, 2016; and issue a protective order staying Plaintiff's discovery requests until the Court rules on this motion." Def.'s Br. in Supp. at 17-18. Defendant argues that the Court's order granting in part defendant's summary judgment motion in 16-14428 is the law of the case and collaterally estops plaintiff from relitigating her discrimination and retaliation claims insofar as they are based on the period of time preceding December 2016, when she commenced 16-14428.

In response to this motion, plaintiff clarifies that the claims in 20-10081 are based on events that allegedly have occurred since December 2016. Plaintiff states: "The 2019 complaint

2

is based upon GM's alleged conduct between December 22, 2016 [i.e., the day after 16-14428 was commenced] and December 20, 2019 [when 20-10081 was commenced]." Pl.'s Br. at 1. Plaintiff correctly notes that the summary judgment in 16-14428 concerned events that occurred before that lawsuit was filed. The complaint in 20-10081 concerns events that alleged occurred subsequently.

The law of the case doctrine may dictate the legal standards the Court uses in evaluating the facts and the parties' arguments, but neither that doctrine nor principles of collateral estoppel preclude plaintiff from asserting claims in the more recent case that arose during a time frame that was not at issue in the earlier case. The fact that the Court granted summary judgment for defendant on plaintiff's § 1981 discrimination claim for the time period up to and including December 21, 2016, has no bearing on the possible merit of this claim for the period from December 22, 2016, to December 20, 2019. Accordingly,

IT IS ORDERED that defendant's motion to dismiss and for protective order is denied. However, both parties are cautioned to limit discovery in 20-10081 to the three-year time frame (December 22, 2016 - December 20, 2019) that is at issue and not to stray into the earlier time frame, which has been adjudicated, or engage in discovery that duplicates that which has already been done in 16-14428.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 25, 2020
Detroit, Michigan